IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP and ) <br> FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION AS RECEIVER FOR ) <br> SILICON VALLEY BANK, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FEDERAL INSURANCE COMPANY and ) <br> BERKLEY REGIONAL INSURANCE ) <br> COMPANY ) <br> ) <br>    Defendants. ) | CIVIL ACTION <br><br> CASE NO. 5:23-CV-00095 |

## MOTION TO STAY BY FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

The Federal Deposit Insurance Corporation (FDIC), an agency of the United States of America, in its capacity as Receiver for Silicon Valley Bank (FDIC-R), by and through undersigned counsel, and pursuant to 12 U.S.C. §1821(d)(12)(A), Rule 7(b) Fed.R.Civ.P, hereby respectfully moves the Court to stay the entire above-captioned action for a period of 90 days. In support of this Motion, the FDIC-R states as follows:

    **I.**    **CLOSURE OF SILICON VALLEY BANK AND SUBSTITUTION OF FDIC-R.**

    1.    On March 10, 2023, the California Department of Financial Protection and Innovation closed Silicon Valley Bank, and appointed the FDIC as Receiver for Silicon Valley Bank, pursuant to 12 U.S.C. § 1821(c)(5). The FDIC accepted said appointment as Receiver for Silicon Valley Bank on the same date.

2. By operation of law, the FDIC-R succeeded to "all rights, titles, powers, and privileges" of the bank, including Silicon Valley Bank's status as a plaintiff in this action. *See* 12 U.S.C. § 1821(d)(2)(A)(i) and 1821(d)(2)(B).

3. Based on the foregoing, on March 17, 2023, the FDIC-R substituted into the place of Silicon Valley Bank as a plaintiff in this action.

## II. 90-DAY STAY OF THE PROCEEDINGS.

4. The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) provides, in pertinent part:

> After appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed--…(ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.

12 U.S.C. § 1821(d)(12)(A).

5. The express language of §1821(d)(12) makes clear that the granting of the stay is *mandatory* upon the FDIC-R's request. Specifically, 12 U.S.C. § 1821(d)(12)(B), which is entitled "Grant of stay by all courts required," provides as follows:

> Upon receipt of a request by any …receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the Court **shall** grant such stay as to all parties.

*Id*. (emphasis added); *see also Damiano v. FDIC*, 104 F.3d 328, 334 (11th Cir. 1997) (holding that the receiver has "the right . . . to stay a pending action within the first ninety days of being appointed as a receiver" under 12 U.S.C. § 1821(d)(12), and that § 1821(d)(12) "requires the court to grant such stay."); *Praxis Properties, Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 67 (3rd. Cir. 1991) ("Congress simply has left no room in section 1821(d)(12)(B) for courts to maneuver and balance [the receiver's] need for a stay against the possibility that delay will result in irreparable harm to the party opposing the stay."). Congress made the stay mandatory to prevent

2

the receiver from "having to expend precious time and resources persuading a court about its need for a stay and refuting the other party's assertions of irreparable injury." *Praxis Properties, Inc.* 947 F.2d at 67; *Nassirpour v. F.D.I.C.*, 2008 U.S. Dist. 2008 WL 5412432, *2 (C.D. Cal. Dec. 29, 2008) (affirming that, if a receiver requests a stay within 90 days of its appointment, it is "automatically entitled to such a stay" under 12 U.S.C. § 1821(d)(12)).

6. Although no showing of good cause or other reason is required in order for the FDIC-R to obtain this mandatory stay, a stay of this action is particularly appropriate. The Congressional intent of the 90-day stay set forth in 12 U.S.C. § 1821(d)(12)(B) was to provide the FDIC-R with breathing room to familiarize itself with a case as "[t]he appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze the pending matters and decide how best to proceed." H.R.Rep. No. 54(1), 101st Cong., 1st Sess. 331 (1989), reprinted in 1989 U.S. Code Cong. & Admin. News 86, 127.

WHEREFORE, the FDIC-R respectfully requests that this Court grant this Motion and enter an order staying this action for 90 days, together with such other and further relief deemed just and proper under the circumstances.

    Respectfully submitted,

    /s/ Douglas T. Hoffman
    Douglas T. Hoffman
    (703) 516-5383
    dohoffman@fdic.gov
    Federal Deposit Insurance Corporation
    3501 Fairfax Drive
    Arlington, VA 22226

    *Attorney for Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank*

# CERTIFICATE OF SERVICE

    I, Douglas T. Hoffman, certify that on this 17th day of March 2023, I electronically filed a copy of the foregoing MOTION TO STAY BY FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK, which was made available for viewing and downloading via the Court's ECF system, and thereby effected service upon all counsel of record.

                                    /s/ Douglas T. Hoffman
                                    Douglas T. Hoffman