IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-95-BO-RN

SVB FINANCIAL GROUP and FEDERAL )
DEPOSIT INSURANCE CORPORATION )
AS RECEIVER FOR SILICON VALLEY )
BANK, )
                                                )
               Plaintiffs, )
                                                )
    v.                                       )           O R D E R
                                                )
FEDERAL INSURANCE COMPANY and )
BERKLEY REGIONAL INSURANCE )
COMPANY, )
                                                )
               Defendants. )

This cause comes before the Court on a motion by plaintiff Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank ("FDIC-R") to disqualify counsel for plaintiff SVB Financial Group ("Financial Group"). Financial Group has responded in opposition, FDIC-R has replied, and a hearing on the matter was held before the undersigned on February 20, 2024, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiffs Financial Group and Silicon Valley Bank initiated this action by filing a complaint against defendants Federal Insurance Company and Berkley Regional Insurance Company in Wake County Superior Court. Plaintiffs allege that defendants wrongfully denied coverage under financial institution bond insurance policies. The insurance coverage dispute arises from a fraudulent scheme perpetrated against plaintiff Silicon Valley Bank. Compl. ¶ 1. Silicon

Valley Bank was a wholly owned subsidiary of Financial Group. *Id.* ¶ 13. The complaint alleges that the defendant Federal Insurance Company issued a primary financial institution bond insurance policy to Financial Group and its subsidiaries, including Silicon Valley Bank, and that plaintiffs are insured under the policy. *Id.* ¶ 19-20. Plaintiffs further allege that defendant Berkely Regional Insurance Company issued an excess follow-form policy to Financial Group and that plaintiffs are insured under the Berkley Insurance policy. *Id.* ¶ 26-27. The action was removed to this Court on the basis of its diversity jurisdiction under 28 U.S.C. § 1332. [DE 1]. At the time of the filing of the complaint, attorney Raymond Sheen and the law firm of Farella Braun & Martel ("Farella Braun") represented both plaintiffs.

On March 17, 2023, the Federal Deposit Insurance Company ("FDIC") noticed its substitution as Receiver for plaintiff Silicon Valley Bank pursuant to 12 U.S.C. §§ 1819 and 1821. The FDIC as Receiver for Silicon Valley Bank is now the real party in interest in this action in substitution for plaintiff Silicon Valley Bank. [DE 21]. FDIC-R is represented by its own counsel, including local counsel. [DE 20, 30, 32, 33]. Local counsel who had appeared for both plaintiffs prior to the substitution of FDIC-R for plaintiff Silicon Valley Bank was permitted to withdraw [DE 37] and new local counsel appeared for Financial Group. [DE 38]; Local Civil Rule 83.1(d). Also on March 17, 2023, Financial Group filed a petition under Chapter 11 of the Bankruptcy Code in the Southern District of New York. [DE 20].

FDIC-R now seeks to disqualify Farella Braun from continuing its representation of Financial Group. FDIC-R argues that Farella Braun had an attorney client relationship with Silicon Valley Bank and that a change in circumstances has resulted in material adversity between FDIC-R, standing in the shoes of Silicon Valley Bank, and Financial Group. FDIC-R argues that this

2

adversity requires Farella Braun to withdraw from its continued representation of Financial Group pursuant to North Carolina Rule of Professional Conduct (RPC) 1.9.

## DISCUSSION

The question of whether counsel should be disqualified is a matter within the discretion of the district court. *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996). The determination requires that a court balance "(1) the right of a party to retain counsel of his choice; and (2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F.Supp. 514, 517 (M.D.N.C. May 24, 1996). The "drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights to freely choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145–46 (4th Cir. 1992). Nonetheless, in considering such a motion, a court must "resolve all doubts in favor of disqualification." *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977).

Attorneys appearing in this Court are subject to the North Carolina Rules of Professional Conduct. Local Civil Rule 83.1(i). RPC 1.9(a) specifically provides that "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." N.C. R. Prof. Conduct 1.9(a).

Under Rule 1.9(a), a party seeking to disqualify opposing counsel must establish that (1) an attorney—client relationship existed between the former client and the opposing counsel in a matter such that confidential information would normally have been shared; (2) the present action involves a matter that is the same as or

3

substantially related to the subject of the former client's representation, making the
confidential information previously shared material to the present action; and (3)
the interests of the opposing counsel's current client are materially adverse to those
of the former client.

*Worley v. Moore*, 370 N.C. 358, 364-65 (2017).

At the outset, the Court determines that FDIC-R has standing to assert a conflict of interest

arising from Farella Braun's representation of Financial Group because, as Receiver, it succeeds

to "all rights, titles, powers, and privileges of the insured depository institution . . .." 12 U.S.C. §

1821(d)(2)(A)(i); *see also Clarkson*, 567 F.2d at 272 n.1 ("any member of the bar aware of the

facts justifying a disqualification of counsel is obligated to call it to the attention of the court."). It

is undisputed that FDIC-R has not waived any conflict of interest or given written informed

consent to Farella Braun's continued representation.

The first *Worley* factor is present in this case. An attorney-client relationship existed

between Silicon Valley Bank and Farella Braun as is evidenced by an engagement agreement

which names Silicon Valley Bank, alone, as Farella Braun's client. [DE 44-2]. As part of that

relationship, Farella Braun had access to confidential information and privileged communications

with Silicon Valley Bank. *Id.*; *see also Worley*, 370 N.C. at 365 (court considers "what would

'normally' have occurred within the scope of [the] representation.").

The second *Worley* factor is also present. Farella Braun represented Silicon Valley Bank

in *this* action, and thus any confidential information shared is material to this action. The test is

objective, *Worley*, 370 N.C. at 366-67, and Farella Braun admits that it has engaged in a substantial

amount of work for its former client. *See* [DE 48-1] Sheen Aff.

Farella Braun argues that Financial Group, as 100% owner of Silicon Valley Bank, had

complete control over Silicon Valley Bank's information, and the Bank could not withhold

information from Financial Group. By extension, therefore, Silicon Valley Bank could not have

4

"reasonably assumed" that Farella Braun would withhold any information from Financial Group, its co-client. But this circumstance, where confidential information would have likely been shared by clients jointly represented by the same counsel, is addressed by the commentary to RPC 1.9, which provides that, absent informed consent, counsel who has previously represented multiple clients in a matter cannot then represent one or more of those clients in either the same or a substantially related matter after a dispute has arisen among the clients. N.C. R. Prof'l Conduct 1.9 cmt. 1. For the reasons addressed below, there is a dispute between FDIC-R and Financial Group. Thus, "there [i]s a substantial risk that confidential information [Farella Braun] would have received in their prior representation[] would materially advance [its] current client['s] positions in [this matter]". *P&L Dev. LLC v. Bionpharma Inc.*, No. 1:17CV1154, 2019 WL 357351, at *7 (M.D.N.C. Jan. 29, 2019).

Finally, and most importantly to the Court's consideration, the third *Worley* factor is present. Financial Group has now taken a position that is materially adverse to Silicon Valley Bank and thus FDIC-R. The complaint in this action filed by Farella Braun alleges that Silicon Valley Bank and Financial Group are insureds and are entitled to the insurance proceeds claimed. As is reflected in the correspondence attached to FDIC-R's motion, as well as in Financial Group's opposition to the instant motion, Financial Group and Farella Braun now takes the position that under the bonds at issue it is *only* Financial Group "that was and is entitled to receive payment of any insurance policy proceeds." [DE 44-6 p. 3]; [DE 48 pp. 15-18]. This is directly in contrast to the allegations in the complaint, which includes allegations that both Silicon Valley Bank and the Financial Group are insureds under the policies. Compl. ¶ 16.

Financial Group further contends that no material adversity exists in this suit because the issue of whether FDIC-R or Financial Group is *ultimately* entitled to any recovery obtained on the

5

bonds is an issue that will not be decided in this case but should be decided in Financial Group's bankruptcy proceeding. FDIC-R correctly argues that this position, at bottom, undermines the position of Silicon Valley Bank and now FDIC-R in this action, namely that it is entitled to the insurance proceeds as it has alleged in the complaint. *See also* N.C. R. Prof. Cond. Rule 1.7 cmt. 31 ("the lawyer has an equal duty of loyalty to each client").

The Court therefore concludes that the three factors described in *Worley* are present in this case. Farella Braun argues that, even assuming that a conflict under *Worley* exists, that conflict was unforeseeable and thrust upon Farella Braun, and further not created by Farella Braun, and thus Farella Braun may continue its representation of Financial Group. *See* N.C. R. Prof'l Conduct 1.7, cmt. 5. But the commentary relied upon by Farella Braun merely recognizes that conflicts can arise in the midst of representation, and that a cure for the conflict may be for the attorney to withdraw from representation of a client. *Id.*

Recognizing the high bar that must be cleared before a motion to disqualify counsel may be granted, the Court determines that FDIC-R has satisfied its burden. The three *Worely* factors are plainly present and to permit Farella Braun to continue to represent Financial Group in this action would run afoul of North Carolina's Rules of Professional Conduct. The Court further discerns no strategic advantage to FDIC-R in filing this motion. The motion to disqualify counsel is therefore granted.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to disqualify Mr. Sheen and the Farella Braun firm [DE 44] is GRANTED. Plaintiff SVB Financial Group shall cause new counsel to appear within twenty-one (21) days of the date of entry of this order. The Farella Braun firm and its attorneys are terminated from representation of plaintiff SVB Financial Group in this case and

6

the clerk shall cause the same to be reflected on the Court's docket as of the date of entry of this

order.

SO ORDERED, this 28 day of February 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE