IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-cv-00095-BO-RN

| | |
|---|---|
| SVB FINANCIAL GROUP and<br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION AS RECEIVER FOR<br>SILICON VALLEY BANK,<br><br>   Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY and<br>BERKLEY REGIONAL INSURANCE<br>COMPANY,<br><br>   Defendants. | STIPULATED PROTECTIVE ORDER |

This Stipulated Protective Order (the "Protective Order") is entered into by and among (a) the Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank ("FDIC-R"); (b) SVB Financial Group ("SVBFG"); (c) Federal Insurance Company ("Federal"); (d) Berkley Regional Insurance Company ("Berkley") (together, FDIC-R, SVBFG, Federal, and Berkley are sometimes referred to herein as the "Parties," and, each individually as a "Party"); and (e) any other persons or entities who become bound by the Protective Order through the execution of the form attached hereto as Attachment A, subject to the terms set forth herein. Accordingly, it is ORDERED:

    1.    <u>Scope of the Protective Order.</u>

        (a)    This Protective Order applies to all information, documents, and things exchanged, produced, disclosed, or otherwise made available either by a Party or a non-Party (each a Producing Party, as defined below) to any other Party or non-Party (each a Receiving

Party, as defined below), in response to or in connection with any discovery requests, including without limitation, deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced, as well as any and all abstracts, digests, notes, summaries, compilations, and excerpts thereof ("Discovery Material"), plus any testimony, conversations, or presentations by Parties or non-Parties or their respective counsel, that might reveal Confidential Material as defined herein. This Protective Order is subject, as applicable, to the Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    (b)  Any person or entity that produces, provides, or makes available Discovery Material to any Party in connection with this action is a "Producing Party." Any person or entity that receives Discovery Material from any Producing Party is a "Receiving Party."

    (c)  This Protective Order does not affect, amend, or modify any existing confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Protective Order shall constitute a waiver of any rights under such agreements or orders.

    (d)  Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or a non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Protective Order by application on notice on any grounds.

2. <u>Definition of Confidential Material</u>. For purposes of this Protective Order, "Confidential Material" shall mean Discovery Material that has been designated by a Producing Party as "Confidential Material" in accordance with paragraphs 3 or 4 herein and any abstracts, digests, notes, summaries, compilations, or excerpts of such Confidential Material created by any Receiving Party. Discovery Material which may be designated as Confidential Material, but only if the Designating Party has a good faith belief that such Discovery Material is confidential, includes, but is not limited to, the following:

> (a) **Regulatory**: Discovery Material related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the Comptroller, or any other federal or state regulatory authority, and any confidential information obtained from any documents and records related to the supervision or regulation of the Bank. The release of such regulatory information, regardless of whether it is designated as Confidential Material, may require approval from independent government agencies.
>
> (b) **Statutory**: Discovery Material that is confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552, 12 C.F.R. Part 309, 12 C.F.R. § 21.11, or any other applicable federal or state laws, including consumer nonpublic personal information ("Non-Party Borrower Information") as defined by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations.
>
> (c) **Bank and Bank Customers**. Discovery Material related to Silicon Valley Bank (the "Bank"), its employees (*i.e.*, personnel or employment records), its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower. Examples of such material include, without limitation, documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information.

(d) **Receivership**. Discovery Material related to the receivership of the Bank, including any non-public information on loss or estimates of such loss or the Bank's assets. Notwithstanding the provisions of paragraph 5(b)(1)-(9) below, no such Discovery Material shall be disclosed to any person or entity, including defendants, or any non-Party known to have any current or prospective interest in such assets, regardless of whether that person or entity would otherwise be allowed access to information under the terms of this Protective Order. This subparagraph (d), however, does not prevent such Discovery Material from being shared with Party experts or others listed in paragraphs 5(b)(1)-(9).

(e) **Trade Secrets and Other Information**. Discovery Material that reveals trade secrets or research, technical, commercial, or financial information that the Party or non-Party has maintained as confidential.

(f) **Personally Identifiable Information (PII)**. Discovery Material that contains PII as defined in the Freedom of Information Act, the Privacy Act, the Bank Secrecy Act, and Gramm-Leach-Bliley Act.

Discovery Material that consists solely of information that is available to the public or generally known in the industry of the Producing Party may not be designated as Confidential Material. Notwithstanding the foregoing paragraphs (a) through (f), no Party is estopped or in any way prevented from later challenging the confidentiality designation of any Confidential Material.

3. Confidential Designation. In order to designate documents as Confidential Material, other than testimony, a Producing Party shall affix to the material the legend "Confidential." For example, the production media/container for native files or productions may be labeled as "Confidential." Additionally, documents may be stamped with a "Confidential" legend, and native file documents may be designated Confidential Material by including the "Confidential" legend in the filename thereof or on a slip sheet attached thereto. If Discovery Material produced in another proceeding, litigation, or investigation bears the designation "Confidential," "Highly Confidential," or any other similar confidentiality designation and is produced or used in this action, the Parties shall treat that Discovery Material as Confidential

4

Material. Discovery Material deemed and denominated by any Producing Party as "Confidential" pursuant to this Protective Order shall be deemed to be Confidential Material, unless and until that designation is successfully challenged pursuant to paragraph 9 below. The failure to designate any Confidential Material with such legend shall not constitute a waiver by any Producing Party of the right to assert that such Discovery Material contains or includes Confidential Material prior to the close of fact discovery. In the event that any Producing Party fails to designate Confidential Material as such, any Party or non-Party may notify the Receiving Parties that the Discovery Material should have been designated Confidential Material, and the Parties will treat the Discovery Material as Confidential Material under this Protective Order. But, the Receiving Party shall have no obligation to identify Discovery Material that should have been designated Confidential Material. Any Party or non-Party designating any Discovery Material as Confidential Material is referred to herein as a "Designating Party." In the event a Party obtains a duplicate copy of Confidential Material from a publicly available source, the Party acquiring the Confidential Material shall not be required to comply with the terms of this Protective Order regarding the use of the duplicate Confidential Material, and the use of such duplicate Confidential Material shall not be subject to the provisions of this Protective Order. The non-duplicate copy remains Confidential Material until successfully challenged as specified in paragraph 9.

4. Depositions. Unless all Parties agree on the record at the time the deposition testimony is taken that it does not constitute Confidential Material, all deposition testimony taken in this case shall be treated as Confidential Material only until the deponent and the Parties have the opportunity to designate specific portions of the testimony as Confidential Material, under the procedures set forth below. Within the twenty-one days after the transcript is delivered

5

to the witness and the Parties, any Party may serve written notice to all Parties designating specific portions of the testimony as Confidential Material, and thereafter only those portions identified in the written notice(s) shall be considered Confidential Material under the terms of this Protective Order. A party serving such written notice will do so only if it has a good faith belief that such testimony is confidential. The failure to serve a timely written notice within such twenty-one-day period shall waive any right to designate testimony in that deposition as Confidential Material, unless otherwise ordered by the Court.

5. Protection of Confidential Material.

(a) **General Protections**. Confidential Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. The transmission of Confidential Material between the FDIC in its capacity as Receiver for Silicon Valley Bank and other government agencies, including, but not limited to, the FDIC acting in its various other capacities, shall not constitute disclosure for purposes of this Protective Order, but only so long as such entities are subject to similar confidentiality obligations.

(b) **Third-Party Disclosures**. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material to any third-party person or entity except as set forth in subparagraphs (1)-(9) of this paragraph. Subject to these requirements, the following categories of persons are allowed to review Confidential Material:

(1) **Counsel**. Counsel for the Parties, including counsel for Parties' parents, subsidiaries, and subsidiaries of parents, and employees of counsel, who have responsibility for the action;

(2) **Parties**. Employees or former employees of a Party, including Parties' parents, subsidiaries, and subsidiaries of parents, or employees or former employees of former plaintiff Silicon Valley Bank, but only to the extent

6

counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel and the jury at trial**;

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions or hearings;

(5) **Contractors**. Those persons specifically engaged for reproduction services, graphic production services, or litigation support services, including outside vendors hired to process electronically stored documents;

(6) **Consultants Investigators and Experts**. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions or trial**. During their depositions or at trial, or in preparation therefor, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of this litigation);

(9) **Reinsurers**. Reinsurers to which Berkley may be required to respond or report in the ordinary course of business regarding the subject matter of the litigation, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

(10) **Regulators**. Regulators to which Berkley or Federal may be required to respond or report in the ordinary course of business regarding the subject matter of the litigation;

(11) **Auditors**. Auditors to which Berkley or Federal may be required to respond or report in the ordinary course of business regarding the subject matter of the litigation, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

7

(12) **Others by Consent or Court Order**. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered;

(13) Others as contemplated by other provisions in this Protective Order.

(c) **Control of Documents.** The executed Attachment A forms, signed by persons acknowledging their obligations under this Protective Order, provided to counsel for the Party sharing the Confidential Material shall be retained by such counsel for a period of three years after dismissal or entry of final judgment not subject to further appeal.

6. Failure to Designate. A failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document except as specified in paragraph 4 above. If a Party designates a document as Confidential Material after it was initially produced, but before the close of fact discovery, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that Discovery Material was not designated Confidential Material, even where the Discovery Material is subsequently designated Confidential Material.

7. Filing of Confidential Material. Any Party wishing to file Confidential Material in connection with a motion, brief, or other submission to the Court must file it under seal in compliance with applicable local rules, including without limitation Local Rule 79.2 and the CM/ECF Policy Manual referenced therein.

8. No Greater Protection of Specific Documents. No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by

8

this Protective Order unless the Party moves for an order providing such special protection or the Party discloses its intention to withhold to all Parties and receives their written consent. Withholding information based upon a privilege or the work product doctrine is not an assertion that the information requires greater protection.

9. Challenges by a Party to Designation as Confidential Material. The designation of any Discovery Material as Confidential Material is subject to challenge by any Party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A Party challenging the designation of Confidential Material (the "Challenging Party") must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. A Designating Party will participate in a meet and confer within five (5) business days of such request. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days after the parties' meet and confer. If a Designating Party believes more time is needed for another meet and confer, it shall advise the other Party of such need, but the Party challenging the designation may declare an impasse when it has a good faith belief the parties will not be able to resolve their dispute.

(b) **Judicial Intervention**. In the event that the meet and confer procedure set forth in paragraph 9(a) does not resolve the dispute, the Challenging Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that

9

the movant has complied with the meet and confer requirements of paragraph 9(a). The burden of proof in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all the materials shall continue to be considered Confidential Material under the terms of this Protective Order.

10. <u>Use of Confidential Material at Trial</u>. Nothing in this Protective Order shall be construed to prohibit the use of any Confidential Material at any trial or hearing.

11. <u>Confidential Material Subpoenaed or Ordered Produced in Other Civil Litigation</u>.

    (a) If a Receiving Party is served with a subpoena or an order issued in other civil litigation or by a governing tribunal or government agency that would compel disclosure of any Confidential Material, the Receiving Party, to the extent permitted by law and the governing tribunal or agency, must so notify the Designating Party, in writing, as soon as reasonably possible after becoming aware of such service, and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    (b) The Receiving Party must, as soon as reasonably possible, deliver a copy of this Protective Order, and inform in writing the party in the other civil litigation, governing tribunal, or government agency who caused the subpoena or order to issue, that some or all of the material covered by the subpoena or order is the subject of this Protective Order.

    (c) The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its Confidential Material. If the Designating Party does not file a motion for protective order or a similar filing by the due date of the subpoena or order, the Party receiving the

subpoena or order may produce the documents responsive to such subpoena or order. The Designating Party shall bear the burden and the expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as requiring, authorizing, or encouraging a Receiving Party in this action to disobey a lawful directive. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody, or control Confidential Material. The Receiving Party shall have no obligations other than those identified in this paragraph 12 to resist compliance with a subpoena or order seeking disclosure of any Confidential Material.

12. <u>Confidential Material Subpoenaed or Ordered Produced Pursuant to Criminal Investigation and/or Prosecution</u>. Notwithstanding any other provision of this Protective Order, if a Receiving Party is served with a warrant, writ, grand jury subpoena, or criminal subpoena, the Receiving Party may comply with that warrant, writ, grand jury subpoena, or criminal subpoena without further notification to any other Party.

13. <u>Disclosure of Non-Party Borrower Information</u>. To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information ("Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Protective Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a Producing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for in this Protective Order, the volume of documents to be produced, and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Protective Order shall constitute an express direction that the

11

Producing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in this action. To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for in this Protective Order, the volume of documents to be produced, and the ongoing oversight of the Court, Producing Parties are explicitly prohibited from providing such notice in this action; provided, however, that this Protective Order shall not prohibit any Producing Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such Producing Party believes may be necessary to comply with any Non-Party Borrower Information Law.

14. Reservation of Rights. Nothing in this Protective Order confers upon the Parties any further right or access to information not provided by a Party or non-Party, including but not limited to any information a Party or non-Party withholds on the basis of any applicable privilege or immunity, regardless of whether such withheld information may otherwise qualify as Confidential Material if produced rather than withheld. With respect to Confidential Material requested or produced, each Party reserves its rights under this Protective Order, and otherwise under law.

15. Obligations on Conclusion of Litigation.

    (a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Obligations at Conclusion of Litigation**. Within ninety days after

12

dismissal or entry of final judgment not subject to further appeal, all Confidential Material, including copies made by the Parties, shall be returned to the Producing Party unless: (1) the Confidential Material has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to Confidential Material bearing the notations, summations, or other mental impressions of the Receiving Party, that Receiving Party elects to destroy the documents and certifies to the Producing Party that it has done so.

(c) **Retention of Work Product**. Notwithstanding the requirements of Paragraph 15(b), counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Material so long as that work product does not duplicate verbatim substantial portions of Confidential Material, and (2) all documents filed with the Court including those filed under seal. Any retained Confidential Material shall continue to be protected under this Protective Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Material.

(d) **Retention by Federal and Berkley**. Notwithstanding the requirements of Paragraph 15(b), Federal and Berkley, along with their parents, subsidiaries, and subsidiaries of parents, may retain copies of any Confidential Material produced to them as reasonably necessary to comply with future requests for review by reinsurers of Berkley, auditors and regulators, or as necessary to exercise or enforce any subrogation rights, or as necessary to meet other business or legal requirements. When such retention is no longer needed, Federal and Berkley, along with their parents, subsidiaries, and subsidiaries of parents, shall return the retained documents or destroy those documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or any other document or

information hold imposed by any governmental body or court order. In retaining such Confidential Material, Federal and Berkley shall maintain its confidentiality in accordance with this Stipulated Protective Order until such documents are returned or destroyed. This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Stipulated Protective Order.

16. <u>Order Subject to Modification</u>. This Protective Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person or entity with standing concerning the subject matter.

17. <u>No Prior Judicial Determination</u>. This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. <u>No Waiver of Privileges</u>. Pursuant to Fed. R. Evid. 502(d), the production of Discovery Material that is subject to the attorney-client privilege or the work product doctrine shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any privilege or protection. The Parties shall not have to meet the requirements of Fed. R. Evid. 502(b)(1)-(3). The Parties' production of Discovery Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege and work product doctrine, so long as a privilege screen was performed prior to production.

In addition, the Parties also agree the production of Discovery Material that is subject to

14

other claimed privileges, doctrines, exemptions, or restrictions that the Producing Party might cite in good faith as a basis for withholding such Discovery Material from production to any other party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection. The Parties acknowledge that Fed. R. Evid. 502(d) pertains only to the attorney-client privilege or the work product doctrine, and does not include these other claimed privileges, doctrines, exemptions, or restrictions. Recognizing this, the Parties intend to treat the production of such privileged information similarly (*i.e.*, no waiver). With respect to the FDIC, in any of its capacities, these privileges include, but are not limited to, any privilege that the Bank may have had or any federal or state regulatory agency may hold.

Furthermore, in the event that a Producing Party produces, even under a Protective Order, Discovery Material subject to attorney-client privilege or work product privilege or any other applicable privilege, law, or ground for withholding production (hereinafter, "Privilege"), and if the Producing Party subsequently notifies the Receiving Party that the Discovery Material should not have been produced, the Receiving Party shall within a reasonable period of time return or destroy all instances of the Discovery Material subject to Privilege, whether in hard copy or electronically stored, and confirm to the Producing Party in writing that it has done so. Discovery Material subject to Privilege saved on back-up media in an electronically stored format will be deemed to comply with the aforementioned deletion requirement if the Receiving Party has taken steps to ensure that the data destruction policy for the back-up media will result in the eventual destruction or overwriting of the requested information.

If a dispute regarding whether the Discovery Material is subject to Privilege arises, the Receiving Party may retain a copy of the Discovery Material for in camera review in support of

the appropriate discovery motion.

Each Discovery Party has a duty to notify a Producing Party if they reasonably believe that the Discovery Material such Party produced was inadvertently provided. If the Discovery Parties disagree over the application of these principles to any Discovery Material or challenge to an assertion of Privilege, the Receiving Party shall not make use of the disputed Discovery Material until the matter is resolved by the Court.

19. Privilege Log. If a Party withholds any information on the basis of Privilege, it shall provide a privilege log. The Parties agree that no Party is required to include on its privilege log any information withheld on the basis of Privilege that was generated after the Complaint for the above-captioned matter was filed. The Parties agree that the FDIC-R is not required to provide any kind of identification of information withheld from production if it is protected from production by the Bank Secrecy Act. Nothing in this Protective Order shall restrict the FDIC in any of its capacities, or any other Party, for any lawful purpose, in using its own Confidential Material.

20. Binding Effect; Assignment. This Protective Order shall be binding upon and inure to the benefit of the Parties and non-Parties hereto, their affiliates, their representatives, and their respective successors or assigns. No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Parties' prior written consent.

21. Remedies. To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Producing Party shall first seek to resolve the alleged violation through prompt and reasonable discussion. In the event such efforts fail to promptly resolve the alleged violation, the Producing Party reserves the right to seek relief from the Court in this action and the Receiving Party reserves the right to oppose any relief sought.

22. <u>Notice</u>.  All notices required to be given under the Protective Order shall be in writing and delivered to the addressees set forth below or their designated successor counsel of record, if any.  Notice shall be sent by e-mail, and shall be considered delivered and effective upon receipt.

23. <u>Unauthorized Disclosure of Confidential Material</u>.  In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Protective Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, as soon as reasonably possible after learning of the disclosure: (1) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Protective Order; (2) make reasonable efforts to recover the disclosed Confidential Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (3) notify the Producing Party that such a disclosure was made, the identity of the person or entity to whom the disclosure was made, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof.

So Ordered.

Dated: **April 4**, 2024

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-cv-00095-BO-RN

| | |
|---|---|
| SVB FINANCIAL GROUP and FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY and BERKLEY REGIONAL INSURANCE COMPANY, <br><br> Defendants. | ACKNOWLEDGMENT AND AGREEMENT TO STIPULATED PROTECTIVE ORDER |

## ACKNOWLEDGMENT AND AGREEMENT TO STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of North Carolina in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Material in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____      _____
                              Signature

\