IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00095-BO-RN

| | |
|---|---|
| **SVB Financial Group & Federal Deposit Insurance Corporation**, as receiver for Silicon Valley Bank,<br><br>Plaintiff,<br><br>v.<br><br>**Federal Insurance Company & Berkley Regional Insurance Company**,<br><br>Defendants. | **Order** |

Before the court are three motions to seal, which are unopposed. Mots., D.E. 120. 131, 153. First, Plaintiffs ask the court to seal its supporting memorandum to the motion to substitute (D.E. 119) and the attachments thereto (D.E. 118, 118-1). Second, Plaintiffs seek sealing of their memorandum in opposition to Defendant's motion to strike (D.E. 128) and counsels' email correspondence (D.E. 130-1). Third, Plaintiff FDIC-R moves to seal its response to the motion to supplement (D.E. 152). All three motions and supporting memoranda contend that the submissions proposed for sealing reference information about an individual's medical condition. Supp. Mems. at 2–3, D.E. 121, 132, 154.

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

1

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). The right of access arises from either the common law or the First Amendment. *Id.* at 575. Determining the source of the right is essential because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). But no matter which standard applies, the public's right to access judicial documents "may be abrogated only in unusual circumstances." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Under the common law, there is a presumption for allowing the public to access judicial documents. *Rushford*, 846 F.2d at 253. A party can overcome that presumption if it can show that "countervailing interests heavily outweigh the public interests in access." *Id.* The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The court finds that sealing the identified documents is warranted. As to the first procedural requirement for sealing, the public has had notice of the proposed filing since earlier this month, but no one has challenged sealing the submission.

Second, the filing references an individual's health condition. The court finds that sealing the sensitive information contained in the submission protects the individual's privacy.

Third, the court recognizes the public has a right to access documents filed in court. *Va. Dep't of State Police*, 386 F.3d at 575. Yet it also acknowledges that individuals have an interest in keeping sensitive medical information private. *Watson* v. *Lowcountry Red Cross*, 974 F.2d 482, 487 (4th Cir. 1992). Both Congress and the State of North Carolina have recognized the significance of an individual's interest in keeping medical information private. *See* 42 U.S.C. § 1320d-6(a); N.C. Gen. Stat. § 58-2-105(a).

So the court grants the motions to seal (D.E. 120, 131, 153) and directs the Clerk of Court to seal the following documents: D.E. 118, 118-1, 119, 128, 130-1, and 152. It also orders that within 7 days, Plaintiffs shall file copies of these submissions which properly redact references to the individual's health and other sensitive information from the documents to be available on the docket for public access.

Dated: November 14, 2025

_Robert T Numbers II_
Robert T. Numbers, II
United States Magistrate Judge