IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00095-BO-RN

**SVB Financial Group & Federal Deposit Insurance Corporation**, as receiver for Silicon Valley Bank,

Plaintiff,

v.

**Federal Insurance Company & Berkley Regional Insurance Company**,

Defendants.

**Order**

Before the court is a motion to seal, which is unopposed. Mot., D.E. 174. Plaintiffs ask the court to seal its Order on the motions to substitute an expert witness and to strike Plaintiffs' expert. Order, D.E. 172. The supporting memorandum maintains that the Order references information about an individual's medical condition. Supp. Mem. at 3–4, D.E. 175. No other party has opposed the motion to seal.

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). The right of access arises from either the common

law or the First Amendment. *Id.* at 575. Determining the source of the right is essential because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). But no matter which standard applies, the public's right to access judicial documents "may be abrogated only in unusual circumstances." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Under the common law, there is a presumption for allowing the public to access judicial documents. *Rushford*, 846 F.2d at 253. A party can overcome that presumption if it can show that "countervailing interests heavily outweigh the public interests in access." *Id.* The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The court finds that sealing the Order is warranted. As to the first procedural requirement for sealing, the public has had notice of the proposed sealing since the motion's filing earlier this month, but no one has challenged sealing the submission.

Second, the filing references an individual's health condition. The court finds that sealing the sensitive information contained in the submission protects the individual's privacy.

Third, the court recognizes the public has a right to access judicial documents. *Va. Dep't of State Police*, 386 F.3d at 575. Yet it also acknowledges that individuals have an interest in keeping sensitive medical information private. *Watson* v. *Lowcountry Red Cross*, 974 F.2d 482, 487 (4th Cir. 1992). Both Congress and the State of North Carolina have recognized the

significance of an individual's interest in keeping medical information private. *See* 42 U.S.C. § 1320d-6(a); N.C. Gen. Stat. § 58-2-105(a).

So the court grants the motion to seal (D.E. 174) and directs the Clerk of Court to seal the Order at Docket Entry 172.[1] And it directs the Clerk to filed the redacted Order attached to the motion to seal (D.E. 174-2) on the docket for public access.

Dated: January 13, 2026.

*Robert T Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

---

[1] The Order has already been provisionally sealed.