IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-95-BO-RN

SVB FINANCIAL GROUP, et al.,           )
                                        )
            Plaintiffs,                 )
                                        )
v.                                      )            O R D E R
                                        )
FEDERAL INSURANCE COMPANY, et al.,      )
                                        )
            Defendants.                 )

This cause comes before the Court on cross motions for partial summary judgment. Both movants are plaintiffs. The Federal Deposit Insurance Corporation (FDIC) moved for partial summary judgment seeking a declaration that the FDIC, as successor to Silicon Valley Bank (SVB or Bank), is the sole owner of SVB's insurance claim at issue. [DE 143]. SVB Financial Group (SVBFG), the non-bank holding company of which SVB was a subsidiary, moved for partial summary judgment in its favor on the same issue. [DE 162]. The appropriate responses and replies have been filed, and the time for doing so has expired. The movants filed statements of material facts. [DE 144]; [DE 164]. A hearing was held before the undersigned on March 12, 2026 in Raleigh, North Carolina. In this posture, the motion is ripe for disposition. For the following reasons, the FDIC's motion is granted and SVBFG's motion is denied.

BACKGROUND

Silicon Valley Bank (SVB) was a California corporation engaged in commercial banking business. [DE 144, ¶ 1]; [DE 164, ¶ 1]. SVB was a subsidiary of SVB Financial Group (SVBFG), a non-bank Delaware corporation. [DE 144, ¶¶ 2–3]; [DE 164, ¶¶ 2–3]. In December 2020, Elliot Smerling, the founder of JES Global Capital III, L.P. (JES Fund III), contacted SVB to refinance

an existing line of credit. [DE 144, ¶ 10]; [DE 164, ¶ 10]. In early February 2021, SVB entered a loan and security agreement with JES Fund III, and shortly thereafter discovered that in doing so it had relied on forged documents meant to induce the bank to extend a loan. [DE 144, ¶ 11–12]; [DE 164, ¶ 11–12]. SVB declared an event of default under the loan agreement and demanded immediate repayment, *id.*, but suffered millions of dollars of losses. [DE 144, ¶ 13]; [DE 164, ¶ 13]. Smerling was sentenced to prison and ordered to pay restitution to the bank, but only a small portion of the loss was recovered from Smerling. [DE 164, ¶ 15].

Federal Insurance Company (Federal) and Berkley Regional Insurance Company (Berkley) each issued financial institution bonds to insure plaintiffs against, among other things, losses resulting from the assured bank extending credit in reliance on forged instruments. [DE 144, ¶ 19]; [DE 164, ¶ 19]. The bonds were effective during the period at issue and each had a single loss limit of liability of $15,000,000—together, the aggregate limit was $30,000,000. *Id.* The bonds include a "joint assured provision," which states in relevant part:

> Only the first named ASSURED shall be deemed to be the sole agent of the others for all purposes under this Bond, including but not limited to the giving or receiving of any notice or proof required to be given and for the purpose of effecting or accepting any amendments to or termination of this Bond. Each and every other ASSURED shall be conclusively deemed to have consented and agreed that none of them shall have any direct beneficiary interest in or any right of action under this Bond and neither this Bond nor any right of action shall be assignable. . . . All losses and other payments, if any, payable by the COMPANY shall be payable to the first named ASSURED without regard to such ASSURED'S obligations to others[.]

[DE 145-8, p. 13]. SVBFG appears to be the "first named" assured under the bond, and SVB was also assured. *Id.* at p. 6. SVB and SVBFG filed a joint complaint in this action after the insurers denied coverage for the bank's loss.

The Bank failed in 2023. "On March 10, 2023, the California Department of Financial Protection & Innovation took possession of SVB, ordered that SVB be liquidated, and appointed

2

the FDIC as its receiver." [DE 144, ¶ 33]; [DE 164, ¶ 33]. The FDIC now seeks a declaratory judgment that it, rather than SVBFG, is entitled to obtain any recovery under the bonds for the bank's loss.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted).

The Court first addresses SVBFG's motion to stay resolution of this "ownership dispute" between the plaintiffs. [DE 168]. In support of its motion to stay, SVBFG's argued primarily that the issue was properly resolved in bankruptcy court. The bankruptcy court has since permissively abstained from deciding the issue [DE 209-1, p. 45], rendering SVBFG's motion to stay moot.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P.

3

17(a). "The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973). The FDIC contends SVB was the real party in interest even before the bank failed, because it suffered the loss from which the claim arose. When the FDIC became receiver for SVB, it became the real party in interest. SVBFG, on the other hand, contends that the joint assured provision gives it the sole right to recover under the bonds.

The first sentence of the joint assured provision explains that SVBFG "shall be deemed to be the sole agent of the [other assureds, including SVB] for all purposes under this Bond[.]" [DE 145-8, p. 13]. The second sentence provides that all other assureds, including SVB, "shall be conclusively deemed to have consented and agreed that none of them shall have any direct beneficiary interest in or any right of action under this Bond and neither this Bond nor any right of action shall be assignable." The provision also specifies that all losses are payable to SVBFG. *Id.*

The Court reads this provision in light of the agency relationship described in its first sentence. To effect that agency relationship, the joint assured provision disclaims SVB's *direct* beneficiary interests—because the provision contemplates SVB will recover any losses *indirectly*, through its agent SVBFG. The provision disclaims SVB's rights of action under the bond because SVBFG will pursue them on SVB's behalf, as its agent. SVB's losses are payable to its agent, SVBFG. Read in its entirety, the provision comports with the common-sense axiom that, procedural technicalities aside, an insured entity which suffers a covered loss is eventually the one entitled to receive insurance coverage for that loss. *See Lubin v. Cincinnati Ins. Co.*, 677 F.3d 1039, 1041 (11th Cir. 2012) (bank that suffered the loss was the real party in interest rather than

holding company acting as its agent).

SVBFG asks the Court to construe the joint assured provision as saying "only SVBFG has any beneficial interest in and can seek recoveries under the Bonds." [DE 163, p. 17]. "The SVB Plaintiffs are not asserting a claim for recovery under the Bonds in an agency capacity, but in their own right as the sole direct beneficiaries under the Bonds and the sole entities empowered to prosecute a claim under the Bonds." *Id.* at p. 20. SVBFG's construction would render superfluous both the agency language in the joint assured provision's first sentence and the qualification that the other assureds would disclaim their *direct* beneficiary interests. If the insurance proceeds really belonged to SVBFG, there would be no reason for SVBFG to act as SVB's agent in recovering the loss.

In *Lubin v. Cincinnati Ins. Co.*, 677 F.3d 1039 (11th Cir. 2012), the Eleventh Circuit considered a similar provision. A holding company and its wholly owned bank subsidiary were named insureds of a financial institution bond that offered fidelity insurance. The insurer denied the bank's insurance claim under the bond. The bank then closed, and the FDIC took over as receiver. The holding company filed for Chapter 7 bankruptcy. The bankruptcy trustee for the holding company filed suit against the insurer, seeking recovery under the fidelity bond, but the "FDIC intervened, taking the position that as the receiver for the Bank, it has the exclusive right to pursue that breach-of-contract claim." *Id.* at 1040.

On appeal, the *Lubin* court affirmed the district court's finding that the FDIC was the proper plaintiff. *Id.* Just like the provision in the instant case, the "joint insured" provision in *Lubin* created an agency relationship between the bank and the holding company and designated the holding company as the proper payee on any insurance proceeds under the bond. The Eleventh Circuit rejected the contention that the joint insured provision allowed only the holding company to

5

recover under the bond or precluded the FDIC from pursuing the claim as receiver. It noted that the agency relationship "left only the possibility that [the holding company] could sue [the insurer] on behalf of the Bank." *Id.* at 1042. "The fact that [the holding company] was entitled to receive payment . . . does not mean that it could keep it." *Id.*

The same facts that motivated the *Lubin* decision compel a conclusion here that the FDIC is the real party in interest and the proper recipient of any recovery under the bonds. First, it was SVB, not SVBFG, which extended the Smerling loan. [DE 144, ¶ 11]; [DE 164, ¶ 11]. Thus, SVB suffered the related loss. Any right SVBFG had to recover that loss under the bonds was in its capacity as SVB's deemed agent. *See Lubin*, 677 F.3d at 1042. Second, SVBFG is not pursuing claims against the insurers on SVB's behalf or as its agent. [DE 163, p. 20]. In any event, SVBFG and SVB are now adverse to one another, such that any agency relationship between the two has dissolved. The joint assured provision gave SVBFG the right to pursue the instant claims against the insurers only as SVB's agent. Since SVBFG is not acting as SVB's agent, and cannot pursue the claims in its own right, the claims belong to the FDIC as receiver.

## CONCLUSION

For the foregoing reasons, SVBFG's motion to stay litigation related to the ownership dispute [DE 168] is DENIED as MOOT. SVBFG's motion for partial summary judgment [DE 162] is DENIED, and the FDIC's motion for partial summary judgment [DE 143] is GRANTED. FDIC is entitled to a declaration that it is the owner of the insurance claim at issue and is entitled to recover the bank's loss.

SO ORDERED, this **22** day of June 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6